UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILLIP BURTON HAUSKEN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CORRECTIONAL OFFICER SMOLECH,<br><br>　　　　　　Defendant. | CASE NO. C14-5037 BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>MARCH 21, 2014 |

　　　　The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

　　　　The Court recommends dismissal of this action as malicious. The Court recommends dismissal prior to service with the dismissal counting as a strike pursuant to 28 U.S.C. 1915(e)(2)(B)(i) and (g).

　　　　Plaintiff has filed six actions in the last eighteen months challenging the fact that prison officials are taking fifty cents a month from his prison account for cable television services.

Report and Recommendation

Plaintiff alleges that he is in a unit that does not have cable television. *See Hausken v. Lewis et al* 12-5882BHS/JRC.  Plaintiff's six actions are:

1. 12-5882BHS/JRC,   Hausken v. Lewis et al,
2. 13-5346RJB/JRC,   Hausken v. Lewis et al, (closed)
3. 13-5560BHS/JRC,   Hausken v. Vande Weye et al, (closed as malicious)
4. 14-5037BHS/JRC    Hausken v. Smolech et al,
5. 14-5072RBL/KLS    Hausken v. Warner et al, and
6. 14-5138BHS/KLS    Hausken v. Department of Corrections et al.

In the first action, 12-5882BHS/JRC, the Court granted defendants qualified immunity from damages, but the Court is proceeding with plaintiff's request for injunctive relief (12-5882BHS/JRC ECF No. 21).  A motion for default is before the Court and ripe for consideration (12-5882BHS/JRC ECF No. 42).  Thus, the first action is still an active case and the issue of taking money from plaintiff's trust account is still before the Court.

In the second action, 13-5346RJB, the Court denied plaintiff in forma pauperis status because the action was duplicative (13-5346RJB ECF No. 8). The Court's denial of in forma pauperis status saved petitioner $350 and also prevented petitioner from receiving a strike for filing a duplicative action.

When plaintiff filed a third action involving the same claim, 13-5560BHS/JRC, the Court granted plaintiff in forma pauperis status and dismissed the action prior to service with the dismissal counting as a strike pursuant to 28 U.S.C. 19125(g) (13-5560BHS/JRC ECF No. 12).

28 U.S.C. § 1915(a) gives the Court the authority to dismiss an action if the action is frivolous, malicious, or fails to state a claim.  The standard for what constitutes "malicious" is

Report and Recommendation

not well defined, but some guidance exists.  In *Abdul-Akbar v. Department of Corrections*, 910 F. Supp. 986, 999 (D. Del. 1995), the District Court in Delaware considered the issue and stated:

> A separate standard for maliciousness is not as well established.  *Deutsch,* 67 F.3d at 1085-87 merely states that a district court 'must engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendants.' *Id*. Other Circuits, however, have offered more objective instances of malicious claims. For example, a district court may dismiss a complaint as malicious if it threatens violence or contains disrespectful references to the court.  *Crisafi v. Holland*, 655 F.2d 1305 (D.C.Cir. 1981); *see also Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) (stating that courts may dismiss pleadings with abusive or offensive language pursuant to the court's inherent powers under FRCP 12(f)). In addition, a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims. *Id*.; *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972).

*Abdul-Akbar v. Department of Corrections*, 910 F. Supp. 986, 999 (D. Del. 1995).  Other courts have found that the term "malicious" means irresponsible or harassing litigation.  :

> The legal standard of "frivolous or malicious" is not capable of precise definition for it is a standard intended for administration within the broad discretion of the court and to be applied with reasonable restraint but as a practical response to irresponsible litigation which would otherwise be subsidized and encouraged by the generosity of the *in forma pauperis* statute.

*Daves v. Scranton*, 66 F.R.D. 5 (E.D. Pa. 1975).

    Plaintiff's attempts to file multiple actions involving the same issue after being advised by the Court on multiple prior occasions that defendants are immune from damages constitutes malicious litigation.  The Court recommends dismissal of this action with the dismissal counting as a strike.  Plaintiff had an action dismissed for failure to state a claim in 2012, 12-0190RAL.  The Court assessed a second strike in 2013, 13-5560BHS/JRC.  If the District Court dismisses this case, this would be plaintiff's third strike.

    Because plaintiff's issues are currently pending in another action, 12-5882BHS/JRC, the Court recommends that this dismissal be without prejudice.

Report and Recommendation

1    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.

3 Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes

4 of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the

5 time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for

6 consideration on March 21, 2014, as noted in the caption.

7    Dated this 4th day of March, 2014.

J. Richard Creatura
United States Magistrate Judge

Report and Recommendation